The judgment of the court was pronounced by
Slidell, J.
The object of this action is to annul an act of sale executed by the plaintiff in favor of the defendant, upon the ground that the conveyance was in reality a disguised donation to her husband, Francois Herpin, by means of an interposed person, the defendant. She charges also, in substance, that it was *579 not her intention to vest any title in the defendant; that it was her desire to give the property in usufruct to her husband, and that she had been fraudulently induced by her husband and his brother, the defendant, to believe that the only way to accomplish the object was to make a conveyance to Victor, who was afterwards to transfer to his brother. She also alleges that the defendant never claimed the property until after the death of his brother; that after the execution of the pretended act of sale, it was not delivered to him, but remained in the plaintiff’s possession until her husband’s death, after which the defendant took forcible possession of a portion of it. That the pretended price was not in reality paid, and that the money counted and ostensibly paid in presence of the notary was returned immediately after the sale was passed.
At the trial of the cause, the plaintiff offered the deposition of a witness, which is appended to a bill of exceptions, for the purpose of' proving: 1st. That the sale made by the plaintiff to the defendant was simulated, and intended as a disguised donation in favor of the plaintiff’s husband, Francois V. Herpin, the defendant’s brother, the said defendant being an interposed person for that purpose. 2. That the plaintiff was fraudulently induced by the representations of the defendaat and his brother to believe that this was the only way by which she could legally convey the property to her husband, which it was her intention to have done. 3. That she had never given her consent to an absolute conveyance to defendant, from whom she never did receive any valid consideration for said sale.
To the introduction of which testimony, says the bill, the defendant, by his counsel objected, on the ground that the same was inadmissible to contradict, vary, or add to the act of sale, a counter-letter being the only means by which the said act of sale could be affected; the judge being of opinion that said objection was well founded, sustained the same; to which opinion the plaintiff excepted, See. We think the court erred, and that the case must be remanded for a new trial.
The capacity of married women is limited. By the article 2421 of our code, a contract of sale between husband and wife can take place only in three enumerated cases ; none of which are presented in the case at bar. By the article 1747 it is declared as follows: “Husbands and wives cannot give to each other, indirectly, beyond what is permitted by the foregoing dispositions. All donations disguised, or made to persons interposed, shall be null and void.” These provisions of law were undoubtedly dictated by the apprehension of an abuse of his authority by the husband, and of the exertion of an undue influence by the wife, through the affections she might inspire. But it is said by the defendant, even if this be a donation disguised under the garb of a sale to the defendant, into which the plaintiff has been drawn by fraudulent representations, she shall not be permitted to prove this by parol, because, in doing so, she contradicts the written act; and in support of this proposition he relies upon articles 2234, 2256, 124, 2367, 1779, 2415, C. C.
The argument is satisfactorily answered by what was said in Pilie v. Patin, and has been reiterated in numerous decisions since. There the wife had acknowledged, in the act of mortgage, that she owed the mortgagee a certain sum for a loan made to her to enable her to pay a debt which she owed to her sister. She was permitted to prove by parol, that the real consideration of the mortgage was a debt of her husband. The introduction of the evidence was resisted on the ground that it contradicted the written agreement. But the court suid: *580 “"When certain persons, such as minors or married women, are incapacitated from contracting engagements of a particular kind, any stipulation obtained from them contrary thereto are in fraudan legis, and if it were not open to them to show the real nature of the transaction, the laws made for their protection would have no effect. It is not a good answer to say that persons so incapacitated should take a counter-letter; for to admit this argument, would be to make them the victims of the weakness which induced the law to throw its shield over them.” 8 N. S. 693. See also the Firemen’s Insurance Company v. Cross, 4 R. R. 509. Macarty v. Roach, 7 R. R. 359. Patterson v. Fraser, ante p. 586.
It is therefore decreed, that the judgment of the district court -be reversed; and it is further decreed, that this cause be remanded for a new trial, with instructions to the district judge to admit in evidence the deposition of Joseph Buard, and for further proceedings according to law; the costs of the appeal to be paid by the defendant.